*1187 OPINION.
Black :
Is the income of the Mary E. Fulham trust for the calendar year 1936 taxable to petitioner under any of the provisions of sections *1188 166, 167, or 22 (a) of the Kevenue Act of 1986? These sections are printed in the margin.[1]
We think the amendment to the trust dated December 27, 1935, which was in full force and effect throughout the taxable year 1936, clearly precludes the taxation to petitioner of any of the income of the trust under either section 166 or 167 of the Kevenue Act of 1936. After that amendment became effective there was vested in no person any “power to revest in the grantor title to any part of the corpus of the trust.” After that amendment there did not exist even a possibility of a reverter to the grantor or his estate. It was thereafter impossible to hold, accumulate, distribute or apply to the payment of premiums upon policies of insurance on the life of the grantor any part of the income of the trust. Furthermore, the trust could never thereafter be amended so as to allow the grantor to receive any benefit from the trust, either directly or indirectly. Although in his amendment to his answer the respondent alleges that he “relies not only on *1189 the provisions of section 166 but also on sections 167 and 22 (a) of the Revenue Act of 1936”, in his brief he offers no argument in support of taxing the income of the trust to petitioner under section 166 or 167, but relies entirely upon taxing the income to petitioner under the provisions of section 22 (a), citing as authority therefor the two cases of Helvering v. Clifford, 309 U. S. 331, and Morton Stein, 41 B. T. A. 994. In view of the 1935 amendment to the trust, we hold that petitioner is not taxable on the income of the trust under either section 166 or section 167, supra. Helvering v. Wood, 309 U. S. 344; Commissioner v. Branch, 114 Fed. (2d) 985, affirming 40 B. T. A. 1044.
Is petitioner taxable on the income of the trust under section 22 (a) ? The answer depends upon whether the principles enunciated in Helvering v. Clifford, supra, are applicable. The respondent contends that the powers which petitioner reserved to himself as one of the cotrustees under clause fourth of the trust deed bring this case within the ambit of the Clifford and Stein cases. The powers referred to in clause fourth B of the trust deed, which are set forth fully in our findings of fact, are not such powers as in our opinion the Supreme Court intended would alone be decisive of the determination of ownership in the grantor for purposes of section 22 (a). These powers are no broader than the powers given to the trustees in Commissioner v. Branch, supra, wherein it was held that the grantor was not taxable on the income of the trust there in question although the grantor in that case was one of the trustees capable of exercising those powers. Nor do we think the powers conferred upon the trustees in the instant case were any broader than those conferred upon the trustees in Carleton H. Palmer, 40 B. T. A. 1002; affirmed per curiam in Helvering v. Palmer, 115 Fed. (2d) 368. Of the trustees’ powers in the Palmer case, we said: “Those powers which petitioner as grantor reserved to himself as one of the trustees relate to the management of the trust corpus and do not vest in the grantor any control as an individual over the economic benefits or enjoyment of the trust property. [Citing cases.]”
The Supreme Court in the Clifford case particularly pointed out that no one fact was normally decisive of the question. In the instant proceeding it is hard to see in what way the grantor remained the owner after the 1935 amendment. Thereafter the Fulham trust was substantially different from the Clifford trust. The trust in the Clifford case was for a short term of five years, whereas the Ful-ham trust was to continue as long as the rule against perpetuities permitted. Upon termination of the Clifford trust the corpus was to go to the grantor, whereas under the Fulham trust under no possible contingency could either the corpus or income ever revert to *1190 or be used for the benefit of the grantor or his estate, either directly or indirectly. In the Clifford case the grantor was the sole trustee, whereas in the case now before us petitioner and another not related to him in any way were trustees. Dorr was the managing trustee. Clause fourth A provided that “While said Dorr is living he shall keep the books of account, and shall be the managing trustee.” Dorr testified at the hearing that he has managed the trust since its inception and that petitioner has done no more than to consent to what Dorr has done.
In the recent case of Commissioner v. Buck, 120 Fed. (2d) 775, the Second Circuit held that the income of the trust there involved was taxable to the grantor under the broad principles of the Clifford case. The Buck case is very much like the Stein case, relied upon by the respondent. Although the trusts in both the Stein and Buck cases were long term trusts, a fact not present in the Clifford case, the controlling circumstance in both the Stein and Buck cases is the extent of the donor’s control to alter or modify the trust in so far as the beneficiaries of income or corpus are concerned. In both those cases the grantor had reserved to himself the power to shift the income or corpus from one beneficiary to another as often as he chose, excluding always himself as a beneficiary. The court in the Buck case said that this was “the outstanding fact” which distinguished that case from Helvering v. Palmer, supra, and Blair v. Commissioner, 300 U. S. 5. The Palmer case, as we have said, was a per curiam opinion by the Second Circuit. It was decided wholly upon the authority of Commissioner v. Branch, supra. The grantor in the Branch case reserved no such powers to alter or amend and neither did petitioner here. At the time petitioner created the trust he, under clause fifth, placed such powers in a committee of three, which committee has since amended the trust deed so as to forever preclude petitioner from receiving or enjoying any benefit therefrom. Under the authority given the committee it could even remove petitioner as one of the trustees.
Taking into consideration all these circumstances, we are of the opinion that the instant case is not controlled by the Clifford case or by the Stein case or by the Buck case. We think the facts in the instant case are more nearly like those involved in Commissioner v. Branch, supra, and Helvering v. Palmer, supra, than the facts in any of the cases cited above. We hold, therefore, petitioner is not taxable on the income of the trust under section 22 (a).

Decision will "be entered u/nder Rule 50.

 SEC. 166. REVOCABLE TRUSTS.
Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—
(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or
(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom;
then the income of such part of the trust shall be included in computing the net income of the grantor.
SEC. 167. INCOME FOR BENEFIT OF GRANTOR.
(a) Where any part of the income of a trust—
(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor ; or
(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or
(8) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 28 (o), relating to the so-called “charitable contribution” deduction) ;
then such part of the income of the trust shall be included in computing the net income of the grantor.
(b) As used in this section, the term “in the discretion of the grantor” means “in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question.”
SEC. 22. GROSS INCOME.
(a) General Definition.—“Gross income” includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. In the case of Presidents of the United States and judges of courts of the United States taking office after June 6, 1932, the compensation received as such shall be included in gross income; and all Acts fixing the compensation of such Presidents and judges are hereby amended accordingly.